United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

HICKORY MCCOY, et al.,

              Plaintiffs,

      v.

INTERNAL REVENUE SERVICE,

              Defendant.

Case No.  23-cv-01750-PJH

**ORDER REVOKING PLAINTIFFS IN FORMA PAUPERIS STATUS**

Plaintiffs, a California federal prisoner and a Florida federal prisoner, proceeding pro se, filed a civil action against a governmental entity that was dismissed at screening. Plaintiffs filed an appeal with the Ninth Circuit, which re-engaged this court for the limited purpose of determining whether plaintiffs in forma pauperis status should continue, or whether the appeal is frivolous or taken in bad faith.

An indigent party who cannot afford the expense of pursuing an appeal may file a motion for leave to proceed in forma pauperis.  Fed. R. App. P. 24(a); 28 U.S.C. § 1915(a)(1).  Pursuant to Federal Rule of Appellate Procedure 24(a), "a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court."  The party must attach an affidavit that (1) shows in detail "the party's inability to pay or give security for fees and costs," (2) "claims an entitlement to redress," and (3) "states the issues that the party intends to present on appeal."  Fed. R. App. P. 24(a)(1). But even if a party provides proof of indigence, "an appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3).  An appeal is in "good faith" where it seeks review of any issue that is "non-frivolous."  *Hooker v. American Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002).  An issue is

United States District Court
Northern District of California

"frivolous" if it has "no arguable basis in fact or law."  *See O'Loughlin v. Doe*, 920 F.2d 614, 617 (9th Cir. 1990).

In this action, plaintiffs sought intervention in obtaining their economic impact payments ("EIP") pursuant to the Coronavirus Aid, Relief, and Economic Security Act (The "CARES Act"), Pub. L. No. 116-136, 134 Stat. 281 (2020) and *Scholl v. Mnuchin*, 494 F. Supp. 3d 661 (N.D. Cal. 2020).  Plaintiffs specifically sought the court to hold defendants in contempt for failing to provide their payments.

Plaintiffs were advised that the *Scholl* case is closed, and that they failed to show that the defendants should be held in contempt.  The court in *Scholl* found that the EIP could not be denied only because an individual was incarcerated.  However, the court was clear that it took no position on whether individual incarcerated plaintiffs were owed the EIP.  That responsibility fell to the IRS to make an individual determination.  More importantly, funds cannot now be distributed pursuant to the CARES Act.  The CARES Act imposed a deadline of December 31, 2020, for EIPs to be made or allowed.  That deadline has passed, and no more funds may be issued.  Plaintiffs failed to show defendants should be held in contempt.  Plaintiffs' action has no arguable basis in fact or law; therefore, plaintiffs in forma pauperis status is **REVOKED**.  The clerk is requested to forward this order to the Ninth Circuit in case No. 23-1488.

**IT IS SO ORDERED.**

Dated: August 3, 2023

 */s/ Phyllis J. Hamilton*
PHYLLIS J. HAMILTON
United States District Judge